■ In the Matter of ANTHONY COLOTTI, Appellant, v MICHAEL ARMIENTO, as Commissioner of Police of the City of New Rochelle, et al., Respondents. [614 NYS2d 574] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Police of the City of New Rochelle, dated February 20, 1992, which, after a hearing, found the petitioner guilty of a violation of the Rules and Regulations of the Police Department of the City of New Rochelle, and suspended him for a period of five days.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner, a Police Officer in the City of New Rochelle, contends that substantial evidence is lacking to support a finding that he violated section 1.05 of the Rules and Regulations of the Police Department of the City of New Rochelle. This contention is without merit.

The rule in question provides that "Members of the Department assigned to a motor patrol, foot patrol, or a fixed post will not leave their designated area of patrol for any reason other than police necessity, personal necessity or meal period.

Prior to leaving an assignment for personal necessity or meal period supervisory approval will be obtained and a memo book entry made". It was undisputed that the petitioner, while on duty, left his assigned sector in order to try to locate another police officer, at the request of a third police officer. The Hearing Examiner did not err in finding that the petitioner left his sector for "personal necessity" rather than for "police necessity". The third police officer was neither a supervisor of the petitioner nor in the same chain of command as the petitioner. The petitioner obtained the approval of a dispatcher but not, as required, the approval of a supervisor, nor did he make an entry in his memo book before leaving his assigned sector.

We have reviewed the petitioner's remaining contention and find it to be without merit. Rosenblatt, J. P., Miller, Ritter and Santucci, JJ., concur.